Judge Robertson
delivered the opinion of the Court.
This is a suit in chancery, instituted by William Love against Letitia Cofer* as administratrix of her deceased husband, td be relieved from a judgment, obtained by her on a note, executed by himselfand another. The bill alleges, that the note was given, in consideration of personal property, bought at a public sale by the administratrix, which was proclaimed to be, and understood by all who were present, to be for commonwealth’s paper; that the sale was on the 15th of November, 1822, on a credit of twelve months, and it was announced by the crier, that commonwealth’s paper would be received, if, at the time of payment, there should be no depreciation; that it did not depreciate., and was tendered by the appellant, on the day of payment, and that when he executed the note, which is for “current money,” he' “has no recollection of reading the-note, confiding in the integrity of those who managed the sale.” There is no allegatidn of fraud or mistake, unless they can be infered from the foregoing facts.
The answer requires proof of all the material aliegations of the bill: and the evidence is very strong, if not Conclusive, in support of the facts charged.
An injunction having been granted, it was dissolved with damages, on the final hearing, and the bill was dismissed absolutely. If the bill exhibit equity on its face, the decree was improper. It was therefore, either wrong to grant the injunction, or wrong to dissolve it.
It is very questionable, whether the allegations of the bill, are sufficient to authorize the introduction of parol testimony, according to any principles* established by this court, or known to have been recognized elsewhere. It is not alleged, that the obligors signed. the note through mistake, believing that it was drawn fer paper, or that there Was any agreement, that it should be written expressly for paper, or that, in its ex-edition, there was either fraud or mistake. And we *328 doubt whether, either fraud or mistake, in the executionof the note, can be reasonably inferred from the bill. This however is not material. The note is not the record of the common law suit, does not aPPeari The security in the note; is not a party to this suit. It is necessary that he should be a party.
The security to a note should be artseekh^a revision'ofa modification of the terms ofthenote.
T. T. Crittenden, for plaintiff.
The court erred therefore in dismissing the bill ab- ’ wherefore the decree is reversed, and the cause remanded; with instructions to dismiss the bill rvithout prejudice.